Michael L. Greenwald (to seek admission *pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Fax: 561-961-5684
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard P. Fisher, Individually and On Behalf of Others Similarly Situated, </br></br>                Plaintiff, </br></br>     vs. </br></br> Synergetic Communication, Inc. </br></br>                Defendant. | ) Case No. </br> ) </br> ) </br> ) </br> ) **CLASS ACTION COMPLAINT AND** </br> ) **TRIAL BY JURY DEMAND** </br> ) </br> ) </br> ) </br> ) </br> ) |

1

**Nature of Action**

1. Richard P. Fisher ("Plaintiff") brings this class action against Synergetic Communication, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**Background**

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

3. It did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

4. Recently, the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained: "Harmful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

5. Of these complaints about debt collection practices, over one-third relate to debt collectors' attempts to collect debts that consumers do not owe.[2]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

6. To combat this problem, the FDCPA requires that debt collectors send consumers "validation notices" containing certain information about their alleged debts and related rights "[w]ithin five days after the *initial* communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." 15 U.S.C. § 1692g(a) (emphasis added).

7. These validation notices must advise consumers of, among other things, the right to dispute a respective debt and to request, in writing, that the debt collector provide the consumer with certain information. 15 U.S.C. § 1692g(a)(4), (5).

8. Specifically, if a consumer "notifies the debt collector in writing *within the thirty-day period* that the debt, or any portion thereof, is disputed," the debt collector must "obtain verification of the debt or a copy of a judgment against the consumer," and mail "a copy of such verification or judgment" to the consumer. *Id*. (emphasis added).

9. Importantly, a consumer only has these validation rights within 30 days after his or her receipt of the initial debt collection communication. After the 30-day period expires, the validation rights expire as well.

10. "[T]his validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'"[3]

---

[3] *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

11. This case centers on Defendant's practice of wrongly informing Arizona consumers that they still have validation rights after those rights expired, in violation of the FDCPA.

**Jurisdiction and Venue**

12. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in substantial part in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**Parties**

14. Plaintiff is a natural person who at all relevant times resided in Phoenix, Arizona.

15. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

16. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle lease (the "Debt").

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant is a corporation based in Houston, Texas.

4

19. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the alleged Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20. At all times that Defendant attempted to collect the Debt from Plaintiff, the alleged Debt was in default.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Factual Allegations

23. On or about January 30, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the alleged Debt. A true and correct copy of the January 30, 2015 communication is attached hereto as Exhibit A.

24. The January 30, 2015 communication was the first communication Plaintiff received from Defendant in at least four years.

25. Through its January 30, 2015 communication, Defendant stated that Plaintiff owed $5,289.89 on account number ending in 7250. Defendant then offered to settle Plaintiff's Debt for $2,115.96. Ex. A.

26. Plaintiff did not receive any additional communications from Defendant within five days of the January 30, 2015 communication.

27. Defendant's January 30, 2015 communication contained the disclosures required by 15 U.S.C. §1692g:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. A.

28. Defendant's January 30, 2015 communication also stated:

> This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Ex. A.

29. Thus, the rights afforded to Plaintiff under 15 U.S.C. § 1692g expired thirty days after he received Defendant's January 30, 2015 communication.

30. On April 2, 2015, long after the expiration of the 30-day window provided under 15 U.S.C. § 1692g, Defendant sent Plaintiff a second written communication regarding the Debt. A true and accurate copy of the April 2, 2015 communication is attached hereto as Exhibit B.

31. Defendant's April 2, 2015 written communication referenced the same Debt and account number as its January 30, 2015 communication to Plaintiff. Defendant's April 2, 2015 written communication again demanded payment of $5,289.89, and again offered to settle the Debt for $2,115.96. Ex. B.

32. Defendant's April 2, 2015 communication also restated the rights afforded by 15 U.S.C. §1692g:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. B.

33. However, at the time of the April 2, 2015 communication, Plaintiff no longer had the rights afforded by 15 U.S.C. §1692g, which had long since expired.

34. Against a nearly identical backdrop, Judge Teilborg recently made clear that a defendant violates the FDCPA by restating the rights afforded by 15 U.S.C. §1692g after they have expired:

> The Court finds, however, that an unsophisticated debtor could be confused by receiving two nearly identical letters that, using identical language, state that he or she has thirty days to dispute the debt. The unsophisticated debtor might have a lot of questions when he or she receives the second letter: "Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter? If so, then why did the debt collector send me a second notice, saying that I have another thirty days? Does this new letter restart the thirty days mentioned in the first letter, or does the second letter act as an extension of the thirty days afforded by the first letter? If I don't respond to this second letter, will the debt collector actually assume that I owe this money, or will it send me yet another letter?" Many people would no doubt be perceptive enough to deduce that the debt collector sent the second letter after it obtained the debtor's new address, and conclude that despite the first letter, the debt collector would not assume the debt is valid until thirty days after the second letter was received. But the unsophisticated debtor standard is very low, and the most naïve,

uninformed person could conceivably be confused as to his or her options after receiving the second letter. The Court therefore finds that Defendant violated § 1692e(10) by sending two letters to the same person, each representing that Plaintiff had thirty days from receipt of the letter to dispute the debt.

*Christopher v. RJM Acquisitions, LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *8 (D. Ariz. Feb. 3, 2015).

35.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, sends communications to alleged consumer debtors that are substantially similar, or materially identical, to the January 30, 2015 and April 2, 2015 letters that it sent to Plaintiff.  *See* Exs. A, B.

**Class Allegations**

36.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of himself and others similarly situated.

37.     Plaintiff seeks to represent a class of individuals defined as:

All persons with (a) an Arizona address, (b) to whom Synergetic Communication, Inc. mailed a debt collection communication that stated: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, and (e) more than 40 days after sending such person a debt collection communication that stated:  "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that

8

> you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

38. The proposed class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

39. The proposed class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the Class. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice and procedure on the part of Defendant—the timing and content of its form debt collection letters—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Class.

40. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel

experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

42. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

43. Issues of law or fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

    a. Defendant's violation of the FDCPA as alleged herein;

    b. Defendant's provision of false and misleading disclosures regarding consumers' rights under the FDCPA;

    c. the existence of Defendant's identical conduct particular to the matters at issue;

    d. the availability of statutory penalties; and

    e. the availability of attorneys' fees and costs.

**Count I**
**Violation of 15 U.S.C. § 1692e(10)**

44. Plaintiff incorporates the allegations contained in paragraphs 1-43 above.

45.     15 U.S.C. § 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46.     15 U.S.C. § 1692g provides:

(a) *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt*, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, *within thirty days after receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing *within the thirty-day period* that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request *within the thirty-day period*, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing *within the thirty-day period described in subsection (a)* that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(emphasis added).

47. Defendant's April 2, 2015 communication falsely stated that Plaintiff still had the rights afforded by 15 U.S.C. § 1692g, even though those rights were long-expired.

48. Separately, Defendant's April 2, 2015 communication was false and deceptive because it confused, contradicted, or otherwise made unclear, how and when the least-sophisticated consumer could dispute the validity of the Debt or request the name and address of the current creditor.

49. As a result, Defendant violated 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e(10);

c. Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 per class member;

d. Enjoining Defendant from future violations of 15 U.S.C. § 1692e(10) with respect to Plaintiff and the Class;

e. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Rule 23 of the Federal Rules of Civil Procedure;

f. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of May, 2015

By: s/ Michael L. Greenwald
Michael L. Greenwald (to seek admission *pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the Proposed Class